The document below is hereby signed.  Dated: September 26, 2008.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DAVID M. SICKEL, | ) | Case No. 08-00309 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

DECISION AND ORDER CONCLUDING THAT THE DEBTOR'S PLAN
MAY NOT BE CONFIRMED AFTER THE CASE HAS BEEN DISMISSED

On September 19, 2008, the debtor, through counsel, represented at a hearing regarding confirmation of his chapter 13 plan that he would file an amended plan containing provisions mooting the trustee's objections to his original plan.  Such a plan was filed later on that same day.  On the morning of September 23, 2008, the trustee submitted a proposed order to confirm the debtor's amended plan.  However, on the afternoon of September 23, 2008, the debtor filed his motion to dismiss the case.  On September 24, 2008, the clerk prepared, signed on behalf of the court, and entered an order dismissing the case. The trustee's proposed order confirming the debtor's plan is now before the court for consideration.

In entering the order of dismissal, the clerk acted pursuant

to standing order directing the clerk to enter an order dismissing any chapter 13 case that was not converted from another chapter, and in which the debtor seeks dismissal.[1]  Under 11 U.S.C. § 1307(b), a debtor in that circumstance has an absolute right to have his case dismissed.  See, e.g., In re Barbieri, 199 F.3d 616 (2nd Cir. 1999); In re Polly, 392 B.R. 236 (Bankr. N.D. Tex. 2008); In re Harper-Elder, 184 B.R. 403 (Bankr. D.D.C. 1995).  But see, e.g., In re Jacobsen, 378 B.R. 805 (Bankr. E.D. Tex. 2007).

Had the court signed the trustee's proposed order before the debtor filed his motion to dismiss, the confirmed plan would have had binding effects on the debtor with respect to plan payments that had been made under the plan, albeit relieving the debtor of the responsibility to make future plan payments.  See In re Parrish, 275 B.R. 424 (Bankr. D.D.C. 2002).  But see In re Nash, 765 F.2d 1410 (9th Cir. 1985) (upon dismissal of the case, the debtor was entitled to undistributed plan payments held by trustee under a confirmed plan).

But when no plan has been confirmed, the dismissal of the case ends the court's authority to confirm a plan, as the debtor is signaling that he no longer wishes to have a confirmed plan.

---

[1] The court retains authority, however, on its own motion on or on motion of an interested party, to amend the order of dismissal to include any necessary and appropriate provisions contemplated by 11 U.S.C. § 349 (such as making the dismissal with prejudice).

The debtor's motion to dismiss was, in effect, a withdrawal of his proposed plan.  Under 11 U.S.C. § 1323, the debtor was entitled to modify his plan prior to confirmation, and had he done so in a manner that altered the rights of a creditor, the modified plan could not be confirmed without an opportunity for the creditor to be heard.  Implicitly the Bankruptcy Code also permits a debtor to withdraw his plan before it is confirmed.  Although withdrawing a plan at the last minute might constitute unreasonable delay in the case, and might lead to conversion or dismissal, that does not alter the conclusion that until a plan is confirmed, the debtor has a right to withdraw the plan.  For all of these reasons, the plan cannot be confirmed in this dismissed case.

It is thus

ORDERED that the trustee's proposed order confirming the debtor's amended plan is stricken, and the amended plan will not be confirmed.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.